Turley, J.
delivered the opinion of the court.
•This bill is filed by the complainant to be relieved from the jpayment of a bill single, executed .by him and others to the executors of Joseph A. Mayberry, deceased, upon the grounds that it had been conditionally delivered, that the condition had not been complied with, that it therefore.must be considered as an escrow; and ought to be cancelled.
The facts of the case are, that Wm. M. French bought at the sale of Mayberry’s effects property to the amount of one thousand and fifty-five dollars, that the executors handed him a note prepared for the signature of six persons, for the purpose of getting obligors thereto, for the payment of the above sum in twelve months, that he signed it himself, that as Attorney in fact, he signed the name of Hugh L. French and Benjamin C. Thomas, and then presented it to the complainant for his signature. When he went to sign it, (as W. L. French, the only witness in the case, says,) he, French, told him to leave a vacant seal between,Benjamin C. Thomas’ signature and his own, as Francis A. Henry would sign his name between them, and that he would also get William Simpson and John Jenkins to sign it. Carrick then signed it. The witness also says, he does not believe that Carrick would have signed it, had he not told him that Henry, Simpson, and Jenkins would sign it. Was *460 tbe signing and delivery on the part of the complainant, under these circu instances, a delivery as an escrow?
This court, in the case of Perry & Patterson, 5 Hump. 133, hold, that where a bill single was signed by one obligor who signed as surety to his principal upon condition, that another should sign as co-surety with him, and the principal obligor, without obtaining the signature of the co-surety, delivered it to the creditor absolutely and without condition, that it was delivered as an escrow, and that the ignorance of the creditor did not discharge the condition, and make the delivery a valid and absolute delivery.
But, in that case, the proof was direct, that the surety refused expressly to sign the bill, until he was informed it was to be signed by the other surety, and upon that condition, he did sign it, and placed it in the hands of the principal obligor to procure the other signature before it was to be delivered.
Now, there is nothing like this in the case, under consideration. Carrick did not make the signature of Henry, Simpson or Jenkins, a condition upon which he affixed his own signature— in fact, the witness said, he was going to sign it, and he then directed him to leave a space for Henry’s signature: and, it is, to our minds obvious, from this expression, that he would have signed it, without the information which French then gave him; although French says, he thinks he would not, though upon what grounds, this impression was made, does not appear; and it is therefore, a mere vague suspicion, unsupported by facts.
It is however certain that the complainant did not deliver the bill single with his signature, upon the condition, that it should be signed by either Henry, Simpson or Jenkins, and, that not being delivered upon this condition, it is no escrow, and cannot be cancelled.
The decree of the Chancellor is therefore reversed, and the complainant’s bill dismissed.